## Cunningham & Son *versus* Ihmsen.

1. I. recovered judgment against A. on a bond, issued execution, under which his goods were sold. Afterwards C. recovered judgment against A. and ·issued an execution, under which the sheriff returned that he had sold A.'s goods under I.'s execution. *Held,* that C. had no standing to contest with I. the title to the money.

2. On the petition of C. the court granted an issue in this case to try the validity of I.'s judgment. *Held* to be irregular.

3. After A. gave the bond he entered into partnership with I., who contributed the bond as his share in the firm, it being agreed that on the dissolution I. should have his bond. The firm was dissolved, the bond delivered to I., judgment entered on it and execution was issued. *Held,* that if the transaction was without fraud between A. & I. a stranger could not call it in question.

November 19th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Lawrence county :* No. 49, to October and November Term 1869.

On the 4th day of March 1865 Alexander Arbogast gave to Charles T. Ihmsen a bond for $6000 with warrant of attorney to confess judgment.

On the 10th of October 1866 Arbogast, Ihmsen and John R. Gloniger entered into partnership for the manufacture of glass to continue for three years; Arbogast to contribute stock, tools, &c., to the amount of $6000 as his part of the capital; Ihmsen to contribute above-mentioned bond. Gloniger did not contribute any capital, but was "to give his whole time and attention to the business of the firm, such as keeping books," &c., each partner to share the profits and losses in unequal proportions, as specified in the articles. It was also stipulated, that at the termination of the partnership "Ihmsen will be entitled to this bond, and Arbogast to the sum invested by himself."

The firm was dissolved by mutual consent in writing on the 17th of January 1867. At the same ,date the following agreement was entered into :—

"In the dissolving of the above-mentioned firm it is mutually agreed, between Alexander Arbogast and Charles T. Ihmsen, that the said Charles T. Ihmsen shall receive back and hold, for his own use and benefit, the bond of Alexander Arbogast for six thousand dollars, which he (Ihmsen) invested as capital in the firm of A. Arbogast & Co., and on this bond shall be entered a credit for seven hundred and fifty dollars, the amount agreed upon as due

from Ihmsen for his portion of losses, being one-half the total estimated losses of the firm from its commencement to the dissolution.

"It is further understood and agreed that Charles T. Ihmsen is to assume the debt owing to the firm of A. Arbogast & Co., by his wife and daughter; on account of this debt he obligates himself to pay a certain note for five thousand dollars held by Thomas Baily, of Pittsburg; and should this amount be over what is owing by his wife and daughter, he is to have the difference refunded to him; and if, on the other hand, it falls short of the amount he is to make good the difference."

On the 18th of June 1867 judgment was entered in the Court of Common Pleas of Lawrence county on Ihmsen's bond against Arbogast for $6000.

On the 28th of June 1867 a fieri facias, No. 17, to September term 1867, was issued on Ihmsen's judgment, under which Arbogast's property was sold on the 11th, 24th and 25th of July.

On the 20th of July 1867 W. Cunningham & Son sued Argobast on an account for merchandise, on which they recovered judgment, August 10th 1867, for $2030.67; a fieri facias, to September 1867, No. 44, was issued; to this the sheriff returned, "Property levied and sold by virtue of writ, No. 17, September term 1867, see writ, No. 17, September term 1867."

The net proceeds of Arbogast's property made on Ihmsen's execution beyond costs, rent, &c., were $6125.87, of which by leave of the court the sheriff paid Ihmsen $3950 on account of his execution, leaving $2175.87 in the hands of the sheriff.

On the 9th of December 1867 Cunningham & Son presented their petition to the Court of Common Pleas setting out their judgment and execution against Arbogast, and that they claimed so much of the proceeds of sale of Arbogast's personal property as would satisfy their claim. They also alleged that there were material facts in dispute relating to the distribution of the proceeds of sale, and prayed for an issue to try those facts. There were five allegations of disputed facts; the court awarded an issue to try two, viz.:—

1. Ihmsen's judgment was fraudulent.

2. The bond was paid by investing it in the partnership, and entering judgment on it afterwards and proceeding upon it were fraudulent.

The issue was between W. Cunningham & Son, plaintiffs, and Charles T. Ihmsen, defendant.

On the trial, February 16th 1869, before McGoffin, P. J., the facts above stated were given in evidence; also other facts for the purpose of proving fraud. The bond of Ihmsen had credits endorsed on it.

The plaintiff's points were:—

[Cunningham v. Ihmsen.]

1. The investment of the bond in question as capital stock in the firm of A. Arbogast & Co., amounted to payment and release, and discharged Alexander Arbogast from the obligation thereof.

2. The bond having become the property of A. Arbogast & Co., was extinguished, together with the warrant of attorney thereto attached, and the judgment subsequently entered thereon by virtue of said warrant was without authority and void.

3. During the time said bond was held by A. Arbogast & Co., the right of action thereon was suspended, and being thus suspended by the act of the parties, it could not again revive.

The defendant's points were:—

1. The placing of the bond and warrant of attorney in the firm of A. Arbogast & Co., as stipulated for in the articles of copartnership, would not operate as a legal payment or satisfaction of the same, but the bond and warrant of attorney, during the continuance of said copartnership, would be good and valid at law.

2. The return of the bond and warrant of attorney to Ihmsen, according to the stipulations of the articles at the dissolution, would have the legal effect to render the same so returned in the hands of said Ihmsen as good and valid as before they had been placed as capital in the said copartnership.

3. The placing of the bond and warrant of attorney in the firm of A. Arbogast & Co., stipulated for by the articles of copartnership, and their return to C. T. Ihmsen in pursuance of the agreement at dissolution, would render the bond and warrant good and valid in the hands of Ihmsen after their return, and no fraud having been proved, the verdict must be for the defendant.

The court answered the plaintiff's points as follows:—

" 1. Under the stipulations in the articles of partnership, and of the terms of the agreement made at the time of the dissolution of the firm in evidence before the jury, and in the absence of any proof as to the payment of the debt due on the bond by Alexander Arbogast in fact, we answer this point in the negative.

" 2. The first branch of the point in the negative, there being no proof before the jury that the bond in fact had been paid. And to the latter part of the point we say to the jury, that if Alexander Arbogast, upon the dissolution of the firm, with the consent of Mr. Gloniger, his partner, redelivered or handed back the bond with warrant of attorney attached, intending it to be a valid, subsisting obligation, he, Ihmsen, as the holder thereof, could, for his protection in the collection of the amount which might still be due thereon, enter up judgment under the said warrant of attorney as a valid, subsisting authority so to do.

" 3. The right of an action at law upon the said bond by the firm of Alexander Arbogast & Co., against Alexander Arbogast, one of the firm, might be considered as suspended during the existence of the firm, yet equity would keep it in force as a binding obliga-

13 P. F. SMITH—23

[Cunningham *v.* Ihmsen.]

tion for the protection of the interest of Ihmsen and Gloniger, his partners, and for the creditors of the firm, if any there were. And if, upon the dissolution of the firm under the agreement of partnership, as well as the stipulations of the contract at the dissolution thereof, Alexander Arbogast, with the consent of his partner, delivered the bond in good faith as a debt still unpaid by him over to Charles T. Ihmsen, after credits were endorsed thereon, he, Ihmsen, could subsequently enter it upon record and proceed to its collection unless the proof satisfied the jury it was actually paid, but kept on foot to hinder, delay, or to prevent the creditors of A. Arbogast from realizing their debts out of the property of said A. Arbogast."

The court affirmed the defendant's points. The verdict was for the defendant, and the plaintiffs took a writ of error, assigning for error the answers to the points.

*B. McCoombs*, for plaintiffs in error.—The bond was merged in the articles of partnership: Lord Crompton *v.* Oxenden, 2 Ves. Jr. 261; Bouvier's Law Dict. " Merger "; Story on partnership, § 16, 221, 234, 237; Trower on Debtor and Creditor 247; Linsenbigler *v.* Gourley, 6 P. F. Smith 166; Griffith *v.* Chew, 8 S. & R. 17; Tyson *v.* Dorr, 6 Wharton 263; Eichelberger *v.* Morris, 6 Watts 42; Fishel *v.* Fishel, 7 Id. 47. If extinguished, the right could not be revived: Brown on Com. Law 112; 2 Bouvier's Law Dict., " Suspension of Right."

*S. W. Dana* and *N. P. Fetterman*, for the defendant in error. —The plaintiff having no lien on the fund had not standing to contest. It should have been raised on appeal from a decree of distribution, not by writ of error. Without fraud the bond was, by agreement of the partners, in the same condition as if a new bond had been given.

The opinion of the court was delivered, January 3d 1870, by

THOMPSON, C. J.—We must regard this as an issue ordered by the court to inform its conscience about some matter of distribution arising between the parties. But the records show that when the money was made, it belonged incontestably to the defendant, as between him and the plaintiffs; they had not even a judgment until after the levy and sale on his execution. It seems to us a novelty to grant an issue to try the validity of that judgment. The judgment was claiming nothing, it was the execution, and it had no competitor. There is a want of regularity and order about the whole proceeding which does not entitle the exception to much attention here. We shall therefore dismiss the case with this remark upon the assignments of error, that none of them are sustained. If Arbogast chose to redeliver his bond and warrant of attorney

[Cunningham v. Ihmsen.]

to Ihmsen to be entered up or otherwise as he chose, the transaction being sound between them, no stranger could assail it on this ground. In so holding, the court committed no error.

Judgment affirmed.